UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alice Peck Day Memorial
Hospital et al.

    v.       Civil No. 20-cv-919-LM
        Opinion No. 2021 DNH 043 P

Vermont Agency of Human Services,
Secretary et al.

**O R D E R**

Plaintiffs Alice Peck Day Memorial Hospital, Cheshire Medical Center, and Valley Regional Hospital, Inc., bring this action against two groups of defendants: (1) the State of Vermont Agency of Human Services (the "Vermont Agency") and its Secretary (collectively, the "Vermont defendants"), and (2) the Secretary of the United States Department of Health and Human Services, the Centers for Medicare & Medicaid Services (the "Federal Agency") and the Administrator of the Federal Agency (collectively, the "federal defendants"). Each of the plaintiffs is a New Hampshire hospital located within 20 miles of New Hampshire's border with Vermont, and each provides medical services to Vermont Medicaid recipients. The Vermont defendants administer the Vermont Medicaid program through the Vermont Medicaid State Plan (the "Medicaid Plan")[1], in partnership with the

---

[1] Although the parties have not offered the entirety of the Medicaid Plan into the record, the court may properly consider, as incorporated by reference into the complaint, "the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint."  Clorox Co. v. Proctor

federal defendants. The Medicaid Plan sets forth the rates at which hospitals are reimbursed for the provision of medical services to Vermont Medicaid recipients. Under the Medicaid Plan, hospitals located outside Vermont receive reimbursement at significantly lower rates than Vermont hospitals for providing the same medical services to Vermont Medicaid recipients. Plaintiffs assert that the difference in reimbursement rates for Vermont and non-Vermont hospitals is unlawful. Plaintiffs bring two claims against the Vermont defendants under 42 U.S.C. § 1983 for violating their rights under the Equal Protection Clause of the Fourteenth Amendment and the Commerce Clause of the United States Constitution, and three claims against the federal defendants under Section 706 of the Administrative Procedure Act, 5 U.S.C. § 706.

 Now before the court is the Vermont defendants' 28 U.S.C. § 1404(a) motion to transfer venue to the United States District Court for the District of Vermont (doc. no. 10).[2] In order to participate as a health-service provider in the Vermont Medicaid program and to receive Medicaid reimbursement for providing non-

---

& Gamble Commer. Co., 228 F.3d 24, 32 (1st Cir. 2000). Here, plaintiffs' claims are expressly argued as arising out of the Medicaid Plan. The court takes judicial notice that the Vermont Agency maintains a copy of the Medicaid Plan on its website. See Vermont Agency of Human Services, *Medicaid State Plan*, https://humanservices.vermont.gov/about-us/medicaid-administration/medicaid-state-plan (last accessed February 4, 2021). In this order, citations to provisions of the Medicaid Plan that have been made part of the record shall be by document number. Citations to other provisions shall be by reference to the "Medicaid Plan" as reflected in the copy maintained at the website address above.

[2] Plaintiffs object to the Vermont defendants' motion. The federal defendants have not expressed a position.

emergent medical services to Vermont Medicaid recipients, each of the plaintiff hospitals executed a General Provider Agreement (each, an "Agreement," and collectively, the "Agreements") with a department of the Vermont Agency. Each of the Agreements contains a forum-selection provision specifying that the "venue for legal actions arising from th[e] Agreement shall be in . . . the Federal District Court, District of Vermont." For the reasons that follow, the court finds that (1) the Agreements' mandatory forum-selection provision is valid and enforceable, (2) plaintiffs' claims are within the scope of the forum-selection provision, and (3) no extraordinary circumstances warrant denial of the Vermont defendants' motion. Accordingly, the Vermont defendants' motion to transfer venue is granted, and this action shall be transferred to the District of Vermont.

## LEGAL STANDARD[3]

Before the court determines the merits of a 28 U.S.C. § 1404(a) motion to transfer venue pursuant to a contractual forum selection, it must first determine, as a preliminary matter, whether (1) the parties entered into an enforceable contract

---

[3] Although each Agreement contains a choice of law provision calling for application of Vermont law to questions of contract interpretation, the parties cite exclusively federal law in support of their arguments over the scope and enforceability of the forum selection clause. Because there appears to be no difference between federal common law and Vermont law regarding the enforceability of a forum selection clause, see Chase Commercial Corp. v. Barton, 153 Vt. 457, 459 (1990), the court may properly apply federal common law without deciding this potential choice of law issue. See Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 16 (1st Cir. 2009); Blue Ocean Int'l Bank LLC v. Golden Eagle Capital Advisors, 408 F. Supp. 3d 57, 63 (D.P.R. 2019).

containing a forum selection clause, (2) the clause is mandatory, and (3) the clause governs the claims in the lawsuit.  See PSI Water Sys., Inc. v. Robuschi USA, Inc., No. 14-CV-391-LM, 2015 WL 3752447, at *4 (D.N.H. June 16, 2015) (quoting Expedition Leather LLC v. FC Org. Prods. LLC, No. 11-cv-588-JL, 2013 WL 160373, at *1 (D.N.H. Jan. 15, 2013)); see also Caribbean Rests., LLC v. Burger King Corp., 23 F. Supp. 3d 70, 76 (D.P.R. 2014).  The moving party bears the burden to establish these preliminary matters by a preponderance of the evidence.  See Expedition Leather, 2013 WL 160373 at *1.  If the moving party establishes that the non-moving party is bound by a mandatory forum selection clause, the court will proceed to consider the merits of the motion to transfer.

  Where a party moves to transfer venue under Section 1404(a) on grounds other than a mandatory forum selection clause, the moving party bears the burden to establish that various private-interest and public-interest factors collectively outweigh the deference due to the plaintiff's choice of forum, such that transfer would serve "the convenience of parties and witnesses" and promote "the interest of justice."  28 U.S.C. §1404(a); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, n. 6 (1981).  However, where—as here—the moving party seeks transfer pursuant to a mandatory forum selection clause, the analysis changes significantly.  See Atl. Marine Constr. Co. v. United States Dist. Court, 571 U.S. 49, 62, 64, 66, (2013).  Where a Section 1404(a) motion is filed to enforce a mandatory forum selection clause, the plaintiff's choice of forum is afforded no weight, the private-interest factors are deemed to weigh "entirely in favor" of transfer, and it is the opposing

4

party's burden to establish that the public-interest factors "overwhelmingly disfavor a transfer." Atl. Marine , 571 U.S. at 62, 64, 66 (2013).

## FACTUAL BACKGROUND

Under the Medicaid program, the federal government provides matching funds to participating states to help provide medical assistance to eligible state residents. See 42 U.S.C. §§ 1396 et seq. Each state manages its own Medicaid program through a state Medicaid plan. See id.; see also 42 C.F.R. Pt. 431. The federal government will not provide matching funds to a state through the Medicaid program unless the state's Medicaid plan meets certain requirements. See 42 U.S.C. § 1396a; 42 C.F.R. § 447.20. Under these requirements, each state's plan must require every participating hospital—that is, every hospital receiving Medicaid reimbursement for provision of medical services to Medicaid recipients, whether located in or out of the state—to enter an agreement with the state's administering agency. See 42 U.S.C. §§ 1396a(a)(27), 1396b(m)(2)(A)(iii). Each such agreement must contain an array of specified provisions. See 42 U.S.C. §§ 1396a(a)(27), 1396b(m)(2)(A)(iv)-(xiii); 42 C.F.R. § 431.107(b)(1)-(5).

The State of Vermont administers the Vermont Medicaid program through its Medicaid Plan. Vermont's Medicaid Plan sets the rates at which participating hospitals receive reimbursement for the provision of non-emergent medical services to Vermont Medicaid recipients. See Medicaid Plan, Attachment 4.19-A, 4.19-B. Under the Medicaid Plan, participating Vermont hospitals receive Medicaid

reimbursement at significantly higher rates than participating hospitals located outside Vermont for provision of the same non-emergent medical services to Vermont Medicaid recipients. See id. In compliance with federal law, the Medicaid Plan requires participating hospitals (whether or not located in Vermont) to execute provider agreements with the Vermont Agency. See Medicaid Plan, § 4.13.

Each of the plaintiffs executed such an Agreement with a department of the Vermont Agency "in order to order, refer, prescribe and/or provide health care services to Vermont Medicaid members" as required by Vermont's Medicaid Plan. Doc. no. 10-1 at ¶ 2.2. Had they not executed the Agreements, plaintiffs would have been ineligible to receive Medicaid reimbursement for services provided to Vermont Medicaid recipients. See Medicaid Plan, § 4.13(a)-(e) (regulatory provisions governing the required agreements between state Medicaid agencies and "each provider receiving funds under the [state agency's" plan"); see also doc. no. 10-1 at ¶ 4.1(g) (contracting plaintiff's provision of services under the Agreement limited to "the scope of the [Medicaid] Plan;" medical services to Vermont Medicaid recipients that are "not compensable under Medicaid. . . may be provided but shall not be compensated" through Medicaid).

Each Agreement contains a forum selection clause as follows: "The venue for legal actions arising from th[e] Agreement shall be in the Superior Court of Chittenden County, State of Vermont or the Federal District Court, District of Vermont." Doc. no. 10-1 at ¶ 5.5. The motion before the court seeks to enforce this clause through transfer to the District of Vermont.

## DISCUSSION

I.  The Forum-Selection Clause

As the moving parties, the Vermont defendants bear the burden to establish that (1) plaintiffs entered into a valid contract containing a forum selection clause, (2) the clause is mandatory, and (3) the clause governs plaintiffs' claims in this action.  See PSI Water, 2015 WL 3752447, at *4.  There is no dispute with respect to the first prong: the parties agree that each plaintiff entered into an Agreement with a department of the Vermont Agency, and that each Agreement contains a forum selection clause.  However, the parties dispute the second and third prongs of this test.

The second prong (whether the clause is mandatory) is easily resolved.  Permissive forum selection clauses authorize jurisdiction and venue in a specified forum without prohibiting litigation in any different forum, while mandatory forum selection clauses contain language clearly indicating that jurisdiction and venue will lie exclusively in the selected forum.  See Rivera, 575 F.3d at 17.  The clause at issue here provides that venue for legal actions arising from the Agreement "shall be" in Vermont.  Doc. no. 10-1 at ¶ 5.5.  "[I]t is axiomatic that the word 'shall' has a mandatory connotation."  Claudio-de León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 (1st Cir. 2014); see also Rivera, 575 F.3d at 19.  There can be no doubt that the forum selection clause is mandatory.

The crux of the parties' dispute is over the third prong, whether the clause governs plaintiffs' claims. Plaintiffs argue that their claims are necessarily outside the scope of the clause because they do not sound in contract and because they arise out of reimbursement rates set in the Medicaid Plan. That is, plaintiffs argue that their claims do not arise from the Agreements because they do not allege breach of any provision of the Agreements, but rather assert constitutional torts and statutory violations in connection with provisions of the Medicaid Plan and with defendants' conduct in promulgating those provisions. For the reasons that follow, the court disagrees and finds that, for purposes of the Agreements' forum selection clause, plaintiffs' claims arise from the Agreements.

The fact that plaintiffs have not pled breach of contract does not establish that their claims are outside the scope of the clause. The First Circuit has declined to "reward attempts to evade enforcement of forum selection agreements through artful pleading of tort claims in the context of a contract dispute." Lambert v. Kysar, 983 F.2d 1110, 1121 (1st Cir. 1993) (citations, internal modifications and quotation marks omitted). "The better general rule," the Lambert court opined, "is that contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." Id. at 1121-1122; see also Pascalides v. Irwin Yacht Sales N., Inc., 118 F.R.D. 298, 302 (D.R.I. 1988) ("[i]f forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by

8

artful pleading of claims") (quoting Coastal Steel v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 197 (3rd Cir. 1983)).[4]

Perhaps more critically, but for the Agreements, defendants would owe plaintiffs no duty in connection with the Medicaid Plan or Medicaid reimbursement, and plaintiffs would lack standing to bring their claims. Under the express terms of the Medicaid Plan and as a matter of federal law, execution of the Agreements was a necessary prerequisite for plaintiffs' participation in the Vermont Medicaid program. See 42 U.S.C. §§ 1396(a)(27), 1396b(m)(2)(A)(iii); see also Medicaid Plan § 4.13. Absent the Agreements, plaintiffs would not be eligible for reimbursement under the Medicaid Plan or otherwise eligible for Medicaid reimbursement for provision of non-emergent medical services to Vermont Medicaid recipients. See doc. no. 10-1 at ¶ 4.1(g).

Moreover, both the services that plaintiffs agreed to provide under the Agreements and the Vermont Agency's obligation to compensate plaintiffs for their services are defined in the Agreements by reference to the Medicaid Plan. See id. ("provision of services for purposes of th[e] Agreement shall be limited to those services within the scope of the [Medicaid] Plan"); id. at ¶ 4.3(a) (providing that the Vermont Agency will make payments to the plaintiff for its services in accordance with 42 C.F.R. § 447.45(d), which governs state Medicaid plan requirements for payments to health care providers). And the Agreements contain numerous further

---

[4] The court does not suggest by the foregoing discussion that plaintiffs have engaged in artful pleading in this action. The discussion is included to establish that forum selection clauses are not limited in scope to claims sounding in contract.

provisions indicating that the contractual relationship created by each Agreement was intended to be defined and governed by Medicaid law and the Medicaid Plan. See, e.g., doc. no. 10-1 at Art. I (the Agreement's stated purpose was for the plaintiff to become eligible to provide medical services to Vermont Medicaid recipients), ¶ 2.1(a) (identifying the contracting department of the Vermont Agency as the entity "charged with the responsibility to contract with providers who serve the Medicaid Program"), ¶ 2.2 (identifying the contracting plaintiff as an "entity that has . . . executed th[e] Agreement in order to order, refer, prescribe and/or provide health care services to Vermont Medicaid members"), ¶ 5.1 (the contracting parties agree to be bound by federal and state Medicaid law), ¶ 5.2(d) (the contracting plaintiff agrees to certify its compliance with "42 U.S.C. § 1396 et seq."), ¶ 8.2 (withdrawal of federal funding from the contracting department of the Vermont Agency constitutes grounds for elective termination of the contract).

Finally, the clear purpose of the forum selection clause is to protect the Vermont Agency from being haled into court in a foreign jurisdiction based on where a Vermont Medicaid recipient happened to receive medical services. That provision would be rendered a nullity if the contracting plaintiff could simply sue under the Medicaid Plan without acknowledging the obligations it agreed to in order to obtain the Medicaid Plan's benefits. As the First Circuit has noted, "[t]he law of contract interpretation militates against interpreting a contract in a way that renders a provision superfluous." Harris v. Scarcelli, 835 F.3d 24, 32 (1st Cir. 2016).

Defendants have met their burden at all three prongs of the test. Plaintiffs' claims arise in connection with provisions of the Medicaid Plan that are effectively incorporated into the Agreements. Absent the contractual relationship created by the Agreements, plaintiffs would have no rights under the Medicaid Plan and no standing to bring their claims. For all of the reasons discussed above, the court finds that plaintiffs' claims arise from the Agreements. Plaintiffs' claims are therefore governed by the Agreements' forum selection clause.

Because defendants have demonstrated all three prongs of the preliminary test, the court next considers whether the Vermont defendants are entitled to transfer under Section 1404(a).

II.   Transfer Pursuant to 28 U.S.C. § 1404(a)

Where a valid and mandatory forum selection clause points to another federal district court, 28 U.S.C. § 1404(a) provides an appropriate procedural mechanism for its enforcement. See Atl. Marine, 571 U.S. at 59. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Supreme Court has explained that "a proper application of §1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Atl. Marine, 571 U.S. at

59-60 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)); see also Rivera, 575 F.3d at 18.

Here, a mandatory forum selection clause gives Vermont controlling weight in the Section 1404(a) analysis. To persuade the court that transfer to Vermont is not warranted, plaintiffs bear the burden to show that the public-interest factors "overwhelmingly disfavor a transfer." Atl. Marine, 571 U.S. at 66. Public-interest factors bearing on the merits of a Section 1404(a) motion to transfer venue include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Piper Aircraft, 454 U.S. at 241 n.6 (citations omitted).

Plaintiffs assert that the public-interest factors overwhelmingly disfavor transfer because: this court is "especially well-versed" in the applicable law, having recently adjudicated a similar dispute; Vermont law is not implicated by their claims; and New Hampshire has an interest in resolution of the dispute. These assertions fall well short of meeting plaintiffs' burden. Although this court has experience in the issues raised by plaintiffs' claims, nothing suggests that those issues would fall outside the competence of the District of Vermont. Similarly, although plaintiffs' claims do not implicate Vermont law (except in so far as they may require interpretation of the Agreements, which are governed by Vermont law), no more do they implicate New Hampshire law. The District of Vermont is fully

capable of addressing the constitutional and federal questions at issue in this action. And while New Hampshire has an interest in resolution of the dispute, that interest is not so much greater than Vermont's as to "overwhelmingly" disfavor transfer.

For these reasons, the court finds that the public-interest factors do not provide grounds to disturb the "controlling weight" ordinarily afforded the parties' contractual choice of forum. Atl. Marine, 571 U.S. at 59. Accordingly, the Vermont defendants' motion to transfer venue is granted.

## CONCLUSION

For the reasons set forth above, the Vermont defendants' motion to transfer venue (doc. no. 10) is granted. The court directs the clerk to transfer this action to the United States District Court for the District of Vermont.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 25, 2021

cc: Counsel of Record